UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MAHMOUD ASCARIE,

Plaintiff,

v.

THE COUNTY OF SANTA CLARA, et al.,

Defendants.

Case No. 21-cv-03657-VKD

**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**

**REPORT AND RECOMMENDATION FOR DISMISSAL WITHOUT PREJUDICE**

Re: Dkt. No. 11

On July 6, 2021, this Court granted Mr. Ascarie's application to proceed *in forma pauperis* and screened his complaint pursuant to 28 U.S.C. § 1915(e), concluding that the complaint did not state a claim on which relief may be granted. Dkt. No. 6. Mr. Ascarie has now filed an amended complaint. Dkt. No. 11. Because the amended complaint again fails to state a claim on which relief may be granted, the Court concludes that this action may not proceed.

All named parties must consent to magistrate judge jurisdiction before a magistrate judge may hear and decide a case. 28 U.S.C. § 636(c)(1); *Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Because not all parties have consented to magistrate judge jurisdiction, this Court directs the Clerk of the Court to reassign this action to a district judge, with the following report and recommendation that Mr. Ascarie's amended complaint be dismissed without prejudice.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

Mr. Ascarie's amended complaint, like his original complaint, includes a confusing, if somewhat pared-down, background narrative of events dating back to 2011. Beginning at page 7,

the amended complaint identifies three causes of action: (1) "Defendant's Oppressive Action and Retaliation Against Plaintiff under Constitutional Right Freedom of Speech, Equal Protection, and Due Process," (2) "Mal[i]ciously Cause for Lack of Sleep, Anxiety, Intentional Inflict[ion] of Emotional [Distress], and Cause of Insecurity," and (3) "Abusing Their Immunity and Maliciously Suppress Plaintiff's Right of Speech and Punishing Him by Depriving Him from Properly Utilize His Property to Continue His Agricultural and Construction Activity." Dkt. No. 11 at 7–8. The amended complaint names as defendants the County of Santa Clara and its Board of Supervisors, Mike Wasserman, Michael Harrison, Mary Ellen Luna, Joseph Takacs, James Stephens, and Gary Flagg. *Id.* at 1.

## II.    LEGAL STANDARD

A court has a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). To make this determination, courts assess whether there is an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227–28 (9th Cir. 1984).

Although pro se pleadings are liberally construed and held to a less stringent standard than those drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), a complaint (or portion thereof) should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007); *see also* Fed. R. Civ. P. 12(b)(6).

A court may also dismiss a complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, which mandates that a complaint include a "short and plain statement of the claim," and that each allegation must be simple, concise, and direct. *Wright v. United States*, No. 3:14-cv-03008-CRB, 2015 WL 3902798 (N.D. Cal. Jun. 24, 2015) (citing Fed. R. Civ. P. 8(a)(2), (d)(1)). Although "verbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)," *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008), where the allegations in a complaint are "argumentative, prolix, replete with redundancy and

largely irrelevant," the complaint is properly dismissed for failure to comply with Rule 8(a), *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

## III.     DISCUSSION

Mr. Ascarie's amended complaint describes disparate allegations dating back to 2011 and references at least two other actions that he has filed or to which he is a party.  As explained below, even liberally construed, Mr. Ascarie fails to state any claim for relief.

### 1.     Claim 1 - First Amendment Retaliation

In his first cause of action, Mr. Ascarie appears to assert a claim against all defendants for retaliation based on Mr. Ascarie's exercise of his First Amendment right to freedom of speech.  He incorporates by reference paragraphs 1 through 25 of this amended complaint.  These paragraphs include many of the same allegations stated in the original complaint.  In its July 6, 2021 screening order, this Court observed that Mr. Ascarie had not clearly identified the protected activities for which he claimed to have experienced retaliation, or the specific acts of alleged retaliation.  Dkt. No. 6 at 3–4.  The first cause of action in the amended complaint still does not identify which protected activities, out of the numerous acts and events described in his factual allegations, correspond to the retaliation Mr. Ascarie claims to have experienced.  *See* Dkt. No. 11 at 7. Rather, he asserts only that "[n]umerous times plaintiff asked defendants to follow the terms of permits that he obtained, worked, and paid, with good faith to get benefit at his old age, but defendants continually rejected by creating unreasonable excuse."  *Id.*  The remaining assertions in the first cause of action are conclusory and appear unrelated to any protected activities of Mr. Ascarie.  *Id.*  Accordingly, Mr. Ascarie does not state any claim for First Amendment retaliation.

### 2.     Claim 2 – Intentional Infliction of Emotional Distress

In his second cause of action, Mr. Ascarie once again refers to his First Amendment right to freedom of speech, but his focus appears to be on defendants' alleged poor performance of their jobs and the emotional distress he says he experienced as a result.  For this reason, the Court infers that Mr. Ascarie attempts to assert a claim against all defendants for intentional infliction of emotional distress.

A claim for intentional infliction of emotional distress requires "(1) extreme and

3

outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050–51 (2009) (citations and internal quotation marks omitted). Mr. Ascarie's allegations are entirely conclusory. He does not identify the extreme or outrageous conduct at issue or the persons responsible for such conduct. *See* Dkt. No. 11 at 7–8. Accordingly, Mr. Ascarie does not state any claim for intentional infliction of emotional distress.

### 3.    Claim 3 – Abuse of Immunity

Mr. Ascarie's third cause of action states: "As a proximate result of defendants' culpable conduct, in its entirety, plaintiff was damages in multiple ways, including, but not limited to, economic damage for past attorney fees and costs, loss of rent, and loss of permits while simultaneously attempting to mitigate damages attributed to culpability, abusing immunity, and retaliatory act of defendants, including hate crime and obstruction of justice." *Id.* at 8. This cause of action appears to be a request for relief, rather than a distinct claim. However, to the extent Mr. Ascarie intends it as a separate cause of action, he does not state any claim for relief that the Court can discern.

## IV.    CONCLUSION

For the foregoing reasons, and after screening the amended complaint pursuant to 28 U.S.C. § 1915(e), the Court finds that the amended complaint fails to state any claim for relief. As Mr. Ascarie has already been given one opportunity to amend his complaint and has failed to cure the defects previously identified, the Court directs the Clerk of the Court to reassign this action to a district judge and recommends that Mr. Ascarie's amended complaint be dismissed without prejudice.

//

//

//

//

4

United States District Court
Northern District of California

1          **IT IS SO ORDERED.**

2     Dated: November 9, 2021

3

4

5                                        VIRGINIA K. DEMARCHI
                                         United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28